# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This matter is before the Court on Cross-Defendant United States' motion for summary judgment on the three causes of action against it in the First Amended Cross-Claim ("FACC"). For the reasons set forth below, the Court DENIES the motion.[1]

## I. FACTUAL BACKGROUND[2]

On May 9, 2007, French (who is acting *pro se*) filed suit in state court against Integrity Property Management ("IPM") and Martha L. Daggett Trust ("Daggett"), alleging two causes of action, premises liability and general negligence. *See* Notice of Removal, Ex. A. French alleges that on May 14, 2005, between approximately 10:00 a.m. and 11:00 a.m., she slipped and fell on a slippery substance on the floor of the restroom of the Burbank office of the Social Security Administration. Cross-Defendant's Statement of Undisputed Facts ("SUF") ¶ 1; FACC ¶ 9. The building is owned by cross-claimant Martha L. Daggett Trust ("Daggett") and managed by cross-claimant Integrity Property Management ("IPM"). SUF ¶ 2. The United States, via the General Services Administration ("GSA"), leases the office space where the accident allegedly occurred. SUF ¶ 3.

Daggett and IPM cross-claimed against the United States pursuant to the Federal Tort Claims Act ("FTCA"), alleging that the United States was responsible for

---

[1]Docket No. 25.

[2]These facts are undisputed unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

maintaining the restroom and providing security for the offices. FACC ¶¶ 9-12. Daggett and IPM also cross-claimed against Security Innovations, Ltd., a contractor hired by the United States to provide guard services in the leased space. FACC ¶ 10. Cross-claimants contend that the United States is liable for the acts and omissions of Security Innovations. *Id.* They asserted three claims against both the cross-defendants: (1) indemnity and equitable apportionment; (2) total indemnity; and (3) declaratory judgment of the respective liability of cross-claimants and cross-defendants. In essence, cross-claimants seek partial or total indemnification from both the United States and Security Innovations.

The United States removed the state court action to this Court on May 24, 2007. It now moves for summary judgment on the grounds that the United States was not responsible for maintaining the premises and cannot be held liable for the acts and omissions of its security contractor. Daggett and IPM oppose the motion, while Security Innovations does not.

## II.     LEGAL STANDARDS FOR A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. *Id*.; *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## III. DISCUSSION

### A. United States' Liability for Negligence of Security Contractor

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA provides a limited waiver of the Government's sovereign immunity for the negligence of its employees. *Letnes v. United States*, 820 F.2d 1517, 1518 (9th Cir. 1987). It is well established that under FTCA the United States is not liable for the negligence of independent third parties with whom it contracts. 28 U.S.C. § 2671. The Government has the burden of proving that the independent contractor exception to the FTCA's general waiver of immunity applies. *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

The Ninth Circuit has observed that the "critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day to day operations' of the contractor, and not whether the agent must comply with federal standards and regulations." *Ducey v. United States*, 713 F.2d 504, 516 (9th Cir. 1983) (quoting *United States v. Orleans*, 425 U.S. 807, 814-15 (1976)). In making this determination, the Court focuses on the terms of the contract between the Government and the contractor, in this case Security Innovations ("the Security Contract"). *Fisko v. U.S. General Services Admin.*, 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005).

Cross-claimants contend that the Security Contract establishes that the Government possesses an extraordinary degree of control over Security Innovations. They point to the detailed lists of the duties that the contractor must fulfill, as well as specifications for the equipment that the contractor must furnish to its employees. United States' Evidentiary Appendix ("App.") at 337-342. They also cite the provision that states the "contractor shall immediately report potentially hazardous conditions, including . . . broken or slippery floor surfaces, and compile necessary reports." *Id.* at 341.[3] The same provision also states that "Contractor shall take immediate steps to protect visitors and occupants from the condition." *Id.*

The Security Contract also contains extensive and detailed provisions that pertain specifically to the selection, training and supervision of the contractor's employees. *Id.* at 315-318. It includes requirements concerning the minimum number of contract employees who must be working and the level of reserve forces the contractor must maintain. Moreover, it requires that the contractor "have the same contract employee work the same post on a normal weekly basis." *Id.* at 316.

On the issue of the applicability of the independent contractor exception, the Government's motion contains little more than boilerplate recitation of applicable law. Along with its short opening brief, the Government filed an evidentiary appendix containing the Security Contract and other documents, including authenticating declarations buried deep within the appendix in a most unhelpful way. The opening brief

---

[3]IPM seems to suggest that Security Innovations is required to report hazardous conditions to the federal agency, although this is not in the plain language of this clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

did not, however, cite to the Security Contract at all. In its reply, the Government dismisses the Cross-claimants' points concerning the Security Contract without any argument and supporting citations to demonstrate that it lacks the requisite control over the contractor's employees. Given this poor showing, the Government has utterly failed to meet its initial burden of establishing the absence of a genuine issue of fact regarding its liability for the acts of Security Innovations.

### B. United States' Duty to Maintain Premises

The Government argues that summary judgment is warranted because it has no duty to maintain the premises. In its view, it is not responsible for maintenance based on the following clause in its lease agreement with Daggett ("Lease"):

> The Lessor is responsible for the total maintenance and repair of the leased premises in accordance with the clause entitled "552.270-12, Maintenance of Building and Premises - Right of Entry (AUG 1992)" (see GSA Form 3517).

SUF ¶ 4; App. at 43. The Government does not explain the reference to GSA Form 3517. This clause appears in provision 7.5, entitled "Maintenance and Testing of Systems." The provision refers to such "equipment and systems" as "site and private access roads" and "fire alarm, sprinkler, emergency generator. . . ." App. at 43.

In a section on "Janitorial Services," the Lease provides that the "Lessor shall maintain premises, including outside areas in a clean condition and shall provide supplies and equipment." App. at 44. It requires that certain janitorial tasks, including "[s]weep and damp mop or scrub toilet rooms," be completed on a daily basis. *Id.* That same section provides that "[c]leaning is to be performed after tenant working hours unless day time cleaning is specified as a special requirement elsewhere in this solicitation." *Id.*

Cross-claimants rely on this contractual requirement – namely that the lessor is supposed to perform its cleaning duties after tenant working hours – to argue that during working hours the tenant (the United States) was responsible for keeping the bathrooms free of hazardous conditions. In support of this theory, Cross-claimants cite the provision in the Security Contract requiring the contractor to immediately report potentially hazardous conditions, such as slippery floors, and to take immediate steps to protect visitors and occupants from the condition. App. at 145.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

In a cursory response, the United States argues that regularly scheduled cleaning is not the same as a duty to maintain the premises in a safe condition by inspecting for hazards and remedying them.

The United States' showing is once again wholly insufficient. The issue is precisely whether, if the lessor was contractually prohibited from performing regularly scheduled cleaning during working hours, the tenant had any responsibility for the condition of the bathrooms during working hours. Put another way, during working hours did the Government have a duty to inspect the bathroom, to keep the bathroom floors clean of slippery substances, or at least to inform building management (IPM) that cleaning had to be done?

Instead of addressing this issue fully, the Government relies exclusively on the abovementioned clause from the section entitled "Maintenance and Testing of Systems." App. at 43. Although that clause states that the lessor is responsible for the "total maintenance and repair of the leased premises in accordance with the clause entitled "552.270-12, Maintenance of Building and Premises - Right of Entry," the meaning of "total maintenance and repair of the leased premises" is far from clear. App. at 43. Read in the immediate context of that provision, it appears to refer to maintenance of the enumerated systems – fire, sprinkler, emergency generator, and so on. *Id.* There is also the mysterious reference to clause 552.270-12. The subsequent provision entitled "Janitorial Services" casts further doubt on whether "total maintenance and repair" encompasses the cleaning of the bathrooms.

Cross-claimants have demonstrated ambiguity in the Lease agreement as to whether the tenant had any obligation to maintain clean bathrooms during working hours, while the Government's evidence falls far short of resolving this question. Accordingly, a genuine issue remains that precludes summary adjudication of the United States' liability.

In so holding, the Court does not reach a conclusion as to whether the United States may have to indemnify cross-claimants. Under the FTCA, the obligations of the United States are an issue for the Court rather than the jury, and a final ruling would be premature until and unless Defendants are held liable to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3406 AHM (AJWx) | Date | February 13, 2008 |
|---|---|---|---|
| Title | KAREN IRENE FRENCH v. INTEGRITY PROPERTY MANAGEMENT, *et al.* | | |

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the United States' motion for summary judgment.

: 

Initials of Preparer    SMO